(120 So. 40)

No. 28896.

**CALHOUN et al. v. SPELL et al.**

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

Crow & Coleman, of Shreveport, for appellants.

Thigpen, Herold, Lee & Cousin, of Shreveport, for appellees.

BRUNOT, J. Plaintiffs brought a jactitation suit, in which they allege their ownership, in indivision, and their possession, for more than two years, of the following property, to wit:

"The southeast quarter (S. E. ¼) of section nineteen (19) and the north half of the northeast quarter (N. ½ of N. E. ¼) of section thirty (30), township fifteen (15) north, range fifteen (15) west, containing two hundred and forty (240) acres, more or less, with the buildings and improvements thereon."

They also allege that Miss Lizzie Hollingsworth and R. E. Spell are slandering their title to said property, in the following manner:

"The said Miss Lizzie Hollingsworth claiming to be the owner of all of the property under and by virtue of a purported deed from Abram Maiden, Sr., deceased, of date May 10, 1919, filed for record September 7, 1921, and recorded in Conveyance Book No. 165, page 52; and

"The said R. E. Spell claiming to be the owner of an undivided one-half interest therein under and by virtue of a tax deed of date June 8, 1925, covering a one-half interest in the said property under and by virtue of a purchase at tax sale of said one-half interest, assessed to Miss Lizzie Hollingsworth on the tax rolls of Caddo parish for the year 1924."

Exceptions of no right or cause of action, of vagueness and misjoinder, and an exception to the appointment of a curator ad hoc were filed, in the order named, and, as filed, these exceptions were argued, submitted, and overruled.

In the answer of the respective defendants the petitioners' possession of the property is denied. Miss Hollingsworth admits claiming ownership under a deed from Abram Maiden, Sr., as alleged in the petition, and Spell admits claiming ownership of one-half of the property under the tax deed as alleged therein.

The case went to trial on these issues. The court found that plaintiffs' possession of the property was established, and the suit was therefore converted into a petitory action, with the defendants as plaintiffs in said action.

In the converted action, Miss Hollingsworth offered as her title a deed from Abram Maiden, Sr., to Miss Lizzie Hollingsworth, of date May 10, 1919, filed for record September 7, 1921, and recorded in Book 165, p. 52, in which the property is described as the southeast quarter of section 19 and the northeast quarter of section 30, township 15 north, range 15 west; and Spell offered as his title a tax deed by T. R. Hughes, tax collector for Caddo parish, Louisiana, of date June 8, 1925, to R. E. Spell, of property described as a one-half interest in the southeast quarter of section 19 and a one-half interest in the north half of the northeast quarter of section 30, township 15 north, range 15 west, assessed to Miss Lizzie Hollingsworth for the year 1924.

The plaintiffs in the jactitation suit and defendants in the petitory action offered as their chain of title: A deed from J. J. Hollingsworth, father of Miss Lizzie Hollingsworth, to Abram Maiden, Sr., of date March 29, 1873, conveying the southeast quarter of section 19 and the north half of the northeast quarter of section 30, township 15 north, range 15 west, filed for record and recorded August 12, 1873. Deed from Abram Maiden, Sr., to Arthur Maiden, dated April 14, 1920, and recorded April 20, 1920, conveying to vendee a one-half interest in the southeast quarter of section 19 and a one-half interest in the north half of the northeast quarter of section 30, township 15 north, range 15 west. Mortgage executed by Arthur Maiden of an undivided one-half interest in the southeast quarter of section 19 and a one-half interest in the north half of the northeast quarter of section 30, township 15 north, range 15 west, together with the foreclosure proceedings had in execution of said mortgage, and the adjudication of the mortgaged property, at said sale, to Felix Weiler, recorded July 22, 1922. Deed from Felix Weiler to Arthur Maiden, recorded October 27, 1925, conveying to the vendee the same property vendor acquired at said sale.

The record discloses that, when Abram Maiden, Sr., acquired the property involved in this suit from J. J. Hollingsworth in 1873, he was, at that time, married to and living with Rachel Maiden, the mother and grandmother of the plaintiffs in the original suit and the defendants in the converted suit, and that the property fell into the community of acquêts and gains of the said spouses, and, when Rachel Maiden died, some time in the 1880's the exact date of her death not being shown, her one-half of the community was inherited by her children and grandchildren, the issue of said marriage and the plaintiffs in this suit. When, therefore, Abram Maiden, Sr., deeded to Arthur Maiden, on April 20, 1920, an undivided half interest in said property, he deeded to Arthur Maiden all of the interest he owned therein. The evidence establishing this is clear and conclusive, and it is also equally clearly shown that the deed from Abram Maiden, Sr., to Arthur Maiden, of the vendor's community half of said property, was recorded a year and six months before the deed from Abram Maiden, Sr., to Miss Lizzie Hollingsworth, under which she claims the property, was filed for record.

■ Defendants in the original suit and plaintiffs in the converted action contend that, as Arthur Maiden was the son of Abram

Maiden, Sr., the deed from the latter to the former is therefore tainted with fraud, and was a subterfuge to defeat the rights of Miss Lizzie Hollingsworth, for the reason that Abram Maiden, Sr., knew that he had previously deeded the property to Miss Hollingsworth, and therefore the son of Abram Maiden, Sr., is presumed to have known that fact, and cannot plead the position of an innocent third purchaser acquiring title on the faith of the public records. If there was any proof whatever in the record to show fraudulent collusion on the part of Arthur Abram, in connection with his purchase of the property, there would be foundation for this contention. The record is barren of such proof. It shows that Arthur Maiden acquired his father's half interest in the property for a cash consideration. He mortgaged the property shortly after acquiring it. The notes secured by the mortgage were not paid at maturity, the mortgage was foreclosed, the property was sold, and the mortgagee acquired it at said sale. Subsequently the title to the property was again acquired by Arthur Maiden from the then owner, for a consideration that was paid.

It is also contended that the tax title of R. E. Spell should have been sustained. A one-half interest in the property involved in this suit was assessed to Miss Lizzie Hollingsworth for the year 1924. The parish taxes were not paid, and the property assessed was advertised and sold at tax sale, and was adjudicated by the sheriff and tax collector to R. E. Spell, for $22.50, the total of taxes, interest, and costs due.

The law grants a period of one year for the redemption of property sold for the collection of delinquent taxes and fixes 20 per cent. over and above the price of adjudication as the price of redemption. The record shows that R. E. Spell, the tax purchaser, was a nonresident and could not be located, and that, within the year in which the property could be redeemed, the original plaintiffs and defendants in the petitory action deposited in the hands of the sheriff and tax collector $28 for the purpose, and being a sum more than sufficient to redeem the said property. The deposit with the sheriff in this case was made under the provisions of section 65 of Act 170 of 1898, which reads:

"Be it further enacted, etc., that the payment required from the owner of property adjudicated to a purchaser for taxes due in accordance with article 233 of the Constitution, may be made and deposited with the tax collector, or ex-officio tax collector making said sales, or his successor in office; provided the same be made within the time required by said article: Provided, further, that said payment to the aforesaid officer can be made only when the purchaser cannot be found or when the purchaser declines to receive it."

The learned judge of the district court did not see fit to consider the plea of estoppel filed in this case, and, as we think that his judgment is correct, and that the plea is not well founded, no purpose would be conserved by discussing that plea in detail. For these reasons the judgment is affirmed, at appellant's cost.